UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Gertrude Rudiak et al, | Case No. 2:18-cv-02364-RFB-EJY |
| Plaintiffs, | ORDER |
| v. | |
| Kenneth Matsumura, | |
| Defendant. | |

### I.  INTRODUCTION

Before the Court is Plaintiffs Gertrude Rudiak and John M. Rentchler as trustee for the George Rudiak Revocable Living Trust's Motion for Summary Judgment. ECF No. 52.

### II.  PROCEDURAL BACKGROUND

Defendant Kenneth Matsumura removed this action asserting breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment to federal court on December 12, 2018. ECF No. 1. Plaintiffs filed a Motion to Remand to State Court on December 18, 2018. ECF No. 4. On January 22, 2019, Plaintiffs moved for a Clerk's Entry of Default, and default was entered on January 23, 2019. ECF Nos. 10, 11. On March 6, 2019, Plaintiffs moved for default judgment and on March 20, 2019, Defendant moved to set aside the default. ECF No. 16.

A hearing was held on these pending motions on June 25, 2019, at which the Court granted the motion to set aside default, denied the motion for default judgment, and denied the motion to remand to state court. ECF No. 22.

Plaintiffs filed the instant Motion for Summary Judgment on January 24, 2020. ECF No. 52. Defendant responded on February 14, 2020, ECF No. 54, and Plaintiffs replied on February

24, 2020, ECF No. 55. The Magistrate Judge extended discovery for sixty days on March 13, 2020 to permit Defendant to take additional depositions.

### III.   FACTUAL BACKGROUND

#### a. Undisputed Facts

The Court finds the following facts to be undisputed. Defendant and Plaintiff Gertrude Rudiak entered into an agreement titled "Promissory Note Arrangement," on July 15, 2009. Ex. A at 2, ECF No. 54; ECF No. 52-1 at 2. The agreement provided for Gertrude to loan Defendant $5,000 per month for eighteen months, for a total of $90,000. ECF No. 52-1 at 2. Each loan was to have a due date five years from the date of the first loan, with each loan to bear interest from the date issued at the lowest federal rate for a loan of such duration, based on the federal rate corresponding with the month of issuance. Id. The agreement provided that it would begin with the $5,000 issued on July 15, 2009. Id. In the event Gertrude or Defendant died before the loans were due, the agreement obliged Defendant's estate (in the event of his death) to continue to make payments to Gertrude's estate (in the event of hers). Id. The agreement indicates it came about because "Gertrude desires to assist [Defendant] with monthly funding to help him sustain his office structure, so he can launch a condominium project on a piece of land near or adjacent to the University." Id. The agreement further states that "the parties desire to reduce their agreement to writing for Gertrude to provide for monthly advances to [Defendant] in exchange for a commitment by [Defendant] to repay such advances with interest from the date of each advance." Id.

#### b. Disputed Facts

The parties dispute whether the agreement was subsequently revoked. Defendant maintains that it was revoked by two written instruments attached to his briefing. ECF No. 54 at 3. Plaintiff maintains the July 15 Promissory Note Arrangement remains binding.

The parties dispute whether Defendant's obligations under the agreement were forgiven by Gertrude. Defendant asserts they were. Id.

The parties dispute how much money Defendant received under the agreement. Plaintiffs assert Defendant received a total of $115,000. ECF No. 52 at 4. Defendant asserts the agreement specifies an amount for $90,000 and there is no evidence an additional amount was extended. ECF No. 54 at 4.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### V. DISCUSSION

Plaintiffs move for summary judgment on their breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment claims.

#### A. Breach of Contract

Plaintiffs move for summary judgment on the breach of contract claim, asserting that there is no genuine dispute of material fact that Defendant has failed to satisfy his obligations pursuant to the Promissory Note Arrangement, as evidenced by Defendant's admissions in the Motion to Set Aside Clerk's Entry of Default (ECF No. 16). ECF No. 52 at 6-7. Defendant contends the Promissory Note Arrangement was subsequently revoked by two written instruments and forgiven

by Plaintiff Gertrude Rudiak. ECF No. 54 at 3. Defendant also contends that the "loan" was "actually repayment for services and monies extended to Gertrude Rudiak." Id. at 5. These "services and monies" appear to be an alleged $450,000 mortgage Defendant took out to pay for Plaintiff Gertrude Rudiak's daughter's "novel cancer treatment." Id. at 5, 8. Defendant contends Gertrude owed him for the $450,000 mortgage, but that rather than obligate her to repay this "debt," Defendant asked Gertrude to instead loan him the money referenced in the agreement in order to develop property near UC Berkeley, which would ultimately yield more profit. Id. at 8. According to Defendant, when the property development fell through, Gertrude excused performance under the agreement. Id. at 8, 9. Defendant also argues the statute of limitations has run on Plaintiffs' breach of contract claim. Id. at 14.

"Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." May v. Anderson, 119 P.3d 1254, 1257 (Nev. 2005) (citation omitted). Breach of contract is "a material failure of performance of a duty arising under or imposed by agreement." Bernard v. Rockhill Dev. Co., 734 P.2d 1238, 1240 (Nev. 1987) (citation omitted). A breach of contract claim under Nevada law requires (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach. Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 899 (9th Cir. 2013) (quoting Saini v. Int'l Game Tech., 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006)) (citing Richardson v. Jones, 1 Nev. 405, 409 (1865)).

Where "a written contract is clear and unambiguous on its face, extraneous evidence cannot be introduced to explain its meaning. Extrinsic or parol evidence is not admissible to contradict or vary the terms of an unambiguous written instrument, since all prior negotiations and agreements are deemed to have been merged therein." Klabacka v. Nelson, 394 P.3d 940, 949 (Nev. 2017) (internal citations and quotation marks omitted). "Parol evidence is admissible for ... ascertaining the true intentions and agreement of the parties when the written instrument is ambiguous." M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd., 193 P.3d 536, 545 (Nev. 2008) (internal quotations and citations omitted). However, "[p]arol evidence may, on the other hand, be introduced to 'show subsequent oral agreements to rescind or modify a written contract.'" Id. (quoting Silver Dollar Club v. Cosgriff Neon, 389 P.2d 923, 924 (Nev. 1964)). "In addition,

Nevada permits the admission of extrinsic oral evidence regarding [t]he existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms." Id. (internal quotations and citations omitted).

As an initial matter, the Court addresses Defendant's claim that the statute of limitations has run on Plaintiffs' breach of contract claim. Defendant argues that the breach of contract claim is barred by the six-years statute of limitations provided in NRS 11.190(1). "Except as otherwise provided in N.R.S. 40.4639, 125B.050 and 217.007, actions other than those for the recovery of real property, unless further limited by specific statute, may only be commenced as follows: 1. Within 6 years: (a) ... (b) An action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding sections of this chapter." N.R.S. 11.190(1)(b). For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). The cause of action accrued in this action on July 15, 2014, and this case was removed to federal court on December 12, 2018, well within six years of the date the cause of action accrued. Defendant's statute of limitations defense is therefore meritless.

Turning to the substantive claim, the Court finds that the Promissory Note Arrangement is an enforceable contract, and Defendant's representations as to his and Gertrude's reasoning for entering into the agreement and intent as to its purpose and meaning are inapposite and constitute inadmissible parol evidence. The agreement is clear and unambiguous on its face, and Defendant admits in no uncertain terms that he freely entered into it. Ex. A at 2, ECF No. 54. Defendant offers parol evidence in the form of a self-serving declaration as well as an affidavit by Gertrude's son, Richard Rudiak, in an attempt not only to contradict the contract's unambiguous terms, but to void it entirely. Therefore, Defendant's assertion that he considered the contract voided when the condominium project fell through is legally irrelevant and without consequence.

However, Defendant has attempted to offer evidence of subsequent agreements in the form of a letter written by Gertrude and addressed to him dated August 5, 2009 (Ex. D, ECF No. 54), and a letter from Richard Rudiak dated August 6, 2009 (Ex. E, ECF No. 54). According to Defendant, the August 5, 2009 letter from Gertrude states:

> "Richard feels the boys (my boys) will have a stroke if I don't have you sign a note—so enclosed is one. Please sign it and return it to me. I can always cancel it and this is what I hope I will be able to do. So please sign and return it to me."

Ex. A at 3-4, ECF No. 54 (quoting Ex. D). Additionally, according to Defendant, the August 6, 2009 letter from Richard Rudiak states it was a "'correction of mom's handwritten note to you,'" and further that the "'document now removed as a note for me to sign and return. That is not the case.'" Id. at 4 (quoting Ex. E). According to Defendant, Rudiak's note also states, "I had originally put together a very rough template of a promissory note mimicking what I thought the attorney might draft." ECF No. 54 at 9. Plaintiffs do not dispute Defendant's representation of the content of the letters or their authenticity.

While these alleged statements do not definitively indicate there was a subsequent agreement revoking the July 15 agreement, taking the facts in the light most favorable to Defendant as non-movant, these statements raise a genuine dispute of material fact as to whether the July 15 agreement was revoked. Though Gertrude's August 5 letter does little to suggest as much, there is at least some question as to whether the August 6 letter refers to the July 15 agreement, even if the statements Defendant provides do not expressly provide evidence of revocation. As such, the Court cannot definitively say that there is no genuine dispute of material fact as to the validity of the July 15 agreement, without determining first precisely what the August 5 and 6 letters state. Though Defendant essentially asks the Court to assume these letters constitute subsequent agreements while claiming that he himself does not remember receiving either the letters themselves or the agreements they allegedly contained, taking the facts in the light most favorable to Defendant, the Court cannot conclude that Defendant has failed to raise a genuine dispute of material fact without first reviewing these letters.

The Court therefore denies summary judgment on the breach of contract claim.

**B. Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs also move for summary judgment on their breach of implied covenant of good

faith and fair dealing claim.

Under Nevada law, every contract imposes upon each party a duty of good faith and fair dealing in its performance and execution. See A.C. Shaw Constr. Inc. v. Washoe Cty., 105 Nev. 913, 914 (Nev. 1989). To state a claim for breach of the covenant of good faith and fair dealing, plaintiff must allege facts showing: (1) plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. Perry v. Jordan, 111 Nev. 943, 947-48 (Nev. 1995).

As the Court has held that there is a genuine dispute of material fact whether the July 15 Promissory Note Arrangement was revoked by subsequent agreements, there is a genuine dispute of material fact whether Plaintiffs and Defendant were parties to an agreement. As such, the Court denies summary judgment on Plaintiffs' breach of implied covenant of good faith and fair dealing claim.

**C. Unjust Enrichment Claim**

Plaintiffs also move for summary judgment on their unjust enrichment claim. An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is express agreement. Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975, 942 P.2d 182, 187 (Nev. 1997). As there is a genuine dispute of material fact whether the express, written contract in the form of the July 15 Promissory Note Arrangement was subsequently revoked, there is a genuine dispute of material fact whether the parties had an express agreement, and correspondingly, a genuine dispute of material fact as to whether an agreement can be implied. The Court therefore denies the motion as to Plaintiffs' alternative unjust enrichment claim.

. . .

. . .

. . .

. . .

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 52) is DENIED.

DATED August 25, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**